## CAILLOUET v. MARTIN, et al.

Division B. Jan. 22, 1951.

No. 37713 (50 So. (2d) 351)

E. B. Taylor and Chas. W. Wade, for appellant.

H. P. Farish and Raymond V. Kimble, for appellee.

Hall, J.

This cause was affirmed on December 18, 1950. No opinion was written because in our judgment it did not settle any important principle of law and did not fall

within any of the other classes of cases wherein written opinions are required by Section 1963, Code of 1942. In the suggestion of error counsel for appellant state that they feel that a per curiam affirmance of a lower court's decision upon questions of fact should be an exception rather than a practice. By enacting the cited statute, however, the legislature has thought otherwise for the evident reason that a written opinion in every case would greatly increase the number of volumes and the consequent cost to the State of publishing the official reports.

This suit was instituted by appellees. They deraigned and proved a good record title to Lot 8 in Block 3 of Wortham's Greenway Addition to the City of Greenville; they alleged that appellant is claiming said lot by adverse possession and prayed for a cancellation of her claim as a cloud upon their title. Appellant answered and claimed ownership of said lot by adverse possession for more than ten years; with her answer she filed a cross-bill and prayed that she be adjudged the owner of said lot based upon her allegation of adverse possession. This allegation was denied by answer to the cross-bill. After hearing voluminous evidence upon the issue thus joined the chancellor sustained the original bill of complaint and dismissed the cross-bill.

Appellant contends that the decree of the lower court and our affirmance thereof deletes Section 711 from the Mississippi Code of 1942 and upsets precedents established since the year 1848. The cited section provides that ten years actual adverse possession of land, etc., shall vest in the actual occupant a full and complete title thereto.

Appellant is admittedly the owner of Lot 1 of Block 4 of the aforesaid addition. According to the official plat there is an unnamed street, forty feet in width, between Lot 1 of Block 4 and Lot 8 of Block 3. Appellant's claim of adverse possession stems from the fact that on July 27, 1938, she executed a lease on Lot 1 of

Block 4 to The Delta Nehi Bottling Company, on which it was given authority to erect a warehouse. This lease did not mention the land in controversy and, so far as the record shows, was never recorded, but, even if it had been duly placed of record, it would have been no notice of an adverse claim to Lot 8 in Block 3. Appellant argues that her adverse possession of said Lot 8 began on the date of this lease and that this suit was not filed until August 26, 1948, or ten years and one month after date of the lease. It is our opinion that the lease did not constitute adverse possession of said Lot 8 and that adverse possession did not begin to run until there was an actual occupancy of Lot 8. The record shows that after execution of the lease The Delta Nehi Bottling Company did not enter upon said Lot 1, but entered upon Lot 8 and built a warehouse. ██ █ The burden was upon appellant to establish adverse possession of Lot 8 for a full period of ten years; she had no record title or color of title thereto. To comply with this burden she offered her husband as one of her principal witnesses. He testified, and we quote from page 69 of the record:

"Q. Do you remember about how long after the lease was executed before the warehouse was constructed? A. Right shortly after that time.

"Q. Would you say as much as a year or six months? A. I expect in three or four months,—a couple or three or four months."

Thus by appellant's own evidence it was established that Lot 8 was not invaded as much as ten years before institution of this suit. The decree is amply supported in other respects by the evidence and consequently we are not authorized to disturb it.

Suggestion of error overruled.